[No. 1655.]

CUBIC JACKSON *v.* THE STATE.

1. PERJURY—INDICTMENT.—It is not necessary that an indictment for perjury shall set out *in hæc verba* the oath taken by the defendant. It is sufficient to allege that the defendant " did then and there take his corporal oath as a witness before said grand jury, and was then and there duly and legally sworn as a witness before said grand jury, the oath being duly administered by said B, foreman aforesaid, an officer authorized by law to administer the oath in that behalf."

2. PRACTICE—CHARGE OF THE COURT.—The materiality of the alleged false statement is a question for the determination of the court, and not for that of the jury. But no exception was reserved in this case to the charge of the court because it submitted the question to the jury, and no prejudice to the rights of the defendant is apparent, inasmuch as the alleged false statements are obviously material; wherefore there is no error of which the appellant can avail himself.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. E. Collard.

The perjury assigned arose upon the testimony of the appellant as a witness before the grand jury of Robertson county, at the January term, 1884, of the district court; in which testimony he falsely stated that he had never been in the back room of a certain saloon and house for retailing spirituous liquors; that he never carried drinks into said back room from said saloon; and had never seen persons playing or exhibiting monte banks in said back room for the purpose of gaming, etc.

Upon very clear and conclusive evidence to the contrary of what the appellant swore before the grand jury, he was found guilty as charged in the indictment, and a term of five years in the penitentiary was assessed as his punishment.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. It was not necessary for the indictment to set out the oath which was administered to the defendant, *in hæc verba.* It alleged that he appeared before the grand jury

as a witness, and "did then and there take his corporal oath as a witness before said grand jury, and was then and there duly and legally sworn as a witness before said grand jury, the oath being duly and legally administered by said B. W. Beckham, foreman aforesaid, an officer authorized by law to administer the oath in that behalf." This allegation was sufficient as to the oath. (*Massie* v. *The State*, 5 Texas Ct. App., 81, and authorities there cited.) In all essentials the indictment is sufficient. It plainly and directly avers every element of the offense, and is in strict compliance with the rules governing indictments in such cases.

2. It was error in the court to submit to the jury the question as to the materiality of the alleged false statements made by the defendant as a witness. It was for the court and not the jury to determine the materiality of such statement. (*Donohoe* v. *The State*, 14 Texas Ct. App., 638.) But the charge of the court in this particular was not excepted to, and therefore the error, unless it was calculated to injure the rights of the defendant, is not of a character which demands a reversal of the judgment. In our opinion, each assignment of perjury was upon alleged false statements which were material, and such being the case, the defendant could not have been injured in his rights by this error in the charge of the court. In all other respects save the one mentioned the charge of the court is unexceptionable.

3. There was no error in overruling defendant's motion for a new trial. We regard the conviction as being fully sustained by the evidence.

The judgment is affirmed.

*Affirmed.*